UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INTEGRATED FIRE & SECURITY
SOLUTIONS, INC., JOHN W.
PETERSON, JR., JUSTIN N.
PETERSON and JESUS R. CARIAS,

     Plaintiffs,

v.                                                Case No: 2:17-cv-443-FtM-38MRM

TUTELA IFSS ACQUISTION LLC,
TUTELA SECURITY, LLC and
TUTELA HOLDINGS, INC.,

     Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiffs' Motion for Final Judgment after Entry of Default against Tutela IFSS Acquisition on Count I. (Doc. 40). Plaintiffs also filed a Notice of Filing Declaration of John W. Peterson, Jr. (Doc. 41) in support of their motion. To date, Defendant Tutela IFSS Acquisition has not responded. For the following reasons, the Court grants the motion but requires additional information from Plaintiffs before entering final judgment.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

This is an action to rescind an Asset Purchase Agreement based on the allegedly fraudulent activities of Steven Pharis and Michael Koenig, corporate executives of the various Tutela entities.[2] (Doc. 1). A process server served a summons and the Complaint on Tutela IFSS Acquisition LLC (hereinafter, "Tutela") on Melissa Orme, as Registered Agent, at 112 Governor's Square, Suite B, Peachtree City, GA 30269. (Doc. 8).[3] Tutela did not respond and, upon plaintiffs' motion, the Clerk entered default.[4] (Doc. 34). Plaintiffs now seek final default judgment against Tutela as to Count I (the only count in which it is named) and move the Court to enter to final judgment in their favor and against Tutela, rescind the Asset Purchase Agreement and all related agreements, and order Tutela to return to plaintiffs the net consideration of $235,000.00.[5] (Doc. 40 at 9).

Because Clerk's default has been entered against Tutela, it is deemed to have admitted the well-pleaded allegations of the Complaint. *Cotton v. Mass Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005)*. Tutela thus has admitted that in about February

---

[2] The following information is taken from the Complaint. Tutela IFSS Acquisition is a Georgia limited liability company. (Doc. 1 ¶ 7). Tutela Security is a Georgia limited liability company and the sole member and manager of Tutela IFSS Acquisition. (*Id.* ¶ 8). Tutela Holdings is a Georgia limited liability company and the sole member and manager of Tutela Security. (*Id.* ¶ 10). The Tutela entities shared office space in Brunswick, Georgia, and Tutela Security and Tutela Holdings generally refer to themselves collectively as "Tutela" as if they are one entity. (*Id.* ¶ 11). Steven Pharis is the founder, CEO, and President of Tutela Security, and the CEO of Tutela Holdings, while Michael Koenig is the CFO of Tutela Security, and the CFO and Secretary of Tutela Holdings. (*Id.* ¶¶ 12-13).
[3] The process server also served summonses and copies of the Complaint on the other named defendants. (Docs. 9-11, 15).
[4] Clerk's default was entered against the corporate defendants on September 25, 2017 (Docs. 32, 34). The individual defendants, Pharis and Koenig, were later dismissed from this action upon stipulation of the parties in accordance with Rule 41, Federal Rules of Civil Procedure. (Docs. 37, 38).
[5] As this Opinion and Order later addresses, the Complaint states "at least approximately $235,000.00" and the declaration (Doc. 41) in support of the motion for final default judgment identifies a different amount. Accordingly, additional briefing is necessary to account for or rectify the discrepancy.

2016, an agent acting on behalf of Tutela contacted Peterson to inquire about the sale of Integrated's assets to an undisclosed potential buyer that turned out to be Tutela (Doc. 1 ¶¶ 19-20); the negotiations ultimately led to an Asset Purchase Agreement and related agreements (*id.* ¶ 20); during negotiations, Pharis and Koenig made certain material misrepresentations, including that Tutela had secured from PNC Bank a loan, and that a substantial six-figure loss for July 2016 on a profit and loss statement for "Tutela, Inc." was costs of goods sold that Tutela inadvertently did not bill due to oversight, but which would be billed the next month (*id.* ¶¶ 21, 23, 24); in reality, Pharis and Koenig were aware that Tutela was losing its single largest client due to allegations of misconduct and the inadvertent oversight explanation for large July 2016 losses was conveyed to conceal what would have been a deal-breaker (*id.* ¶ 25); the Asset Purchase Agreement was based on fraud and false representations, which Pharis and Koenig knew were false when they made them and with the intent that plaintiffs would rely on them, which they did (*id.* ¶ 27); plaintiffs rescinded the Asset Purchase Agreement and related agreements upon learning of the misrepresentations and notified Tutela of the rescission, to which Tutela agreed (*id.* ¶¶ 28-29); defendants failed to furnish all their financial information necessary to return the parties to their status quo prior to the Asset Purchase Agreement (*id.* ¶ 30); and Tutela received a net benefit of "at least approximately $235,000.00" (*id.*; *see also* Doc. 40 at 9 (requesting, among other relief, that the Court order Tutela to return to Plaintiffs "the net consideration of $235,000.00").

The Federal Rules of Civil Procedure and Middle District of Florida Local Rules provide that plaintiffs may obtain entry of default by showing that a defendant has failed to appear or defend in the time permitted by Rule 12. Fed. R. Civ. P. 55(a); M.D. Fla. R.

1.07(b). Once default has been entered, either the Clerk or the Court may enter default judgment. Fed. R. Civ. P. 55(b); M.D. Fla. R. 1.07(b). Prior to entering default judgment, however, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendants, the defendants have been properly served, and the Complaint adequately states a claim upon which relief may be granted.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Plaintiffs are citizens of Florida (Doc. 1 ¶¶ 2-6) and Defendants are citizens of Georgia (*id.* ¶¶ 7-11), and the amount in controversy exceeds $75,000.00. The Court also has personal jurisdiction over Defendants because they operated, conducted, engaged in, or carried on a business in the state of Florida. Fla. Stat. § 48.193(1)(a). It also appears that Defendants have been properly served. (Docs. 8-11, 15).

The Complaint also sufficiently states a claim upon which relief may be granted. Here, Plaintiffs seek rescission of the Asset Purchase Agreement and related agreements based upon fraud in the inducement. Florida law allows for rescission in such circumstances. Indeed, in Florida, "fraudulent misrepresentations vitiate every part of a contract." *Lee v. Lee*, No. 3:06-cv-759-J-32HTS, 2007 WL 924477, at *2 (M.D. Fla. Mar. 26, 2006) (citing *D & M Jupiter v. Friedopfer*, 853 So.2d 485, 486 (Fla. Dist. Ct. App. 2003), and *Oceanic Villas Inc. v. Godson*, 4 So.2d 689, 690 (Fla. 1941)).

To establish fraud in the inducement, a plaintiff must show (1) a misrepresentation of material fact, (2) the person making the misrepresentation knew or should have known that it was false, (3) that the person making the misrepresentation intended to induce another to rely on it, and (4) resulting injury. *GEICO Gen. Ins. Co. v. Hoy*, 136 So.3d 647, 651 (Fla. Dist. Ct. App. 2013); *Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60

F.3d 734, 742 (11th Cir. 1995). The well-pleaded allegations in the Complaint, which are deemed admitted upon entry of default, establish that Tutela misrepresented material facts about its financial condition and its efforts to secure financing, that Tutela was aware of the falsity of its statements and intended for plaintiffs to rely on them, and Plaintiffs in fact relied on the false statements to their detriment and have suffered injury while Tutela received a net benefit.

Following their motion for default judgment, Plaintiffs filed the sworn Declaration of John W. Peterson, Jr., which purports to explain, both in text and via spreadsheet, the amount of net benefit Tutela received, which it calculates at $315,016.95. (Doc. 41-1 at 5-6). The motion for final default judgment, by contrast, requests the Court "order[ ] Tutela IFSS Acquisition to return to Plaintiffs the net consideration of $235,000.00." (Doc. 40 at 9). The Complaint alleges that "Tutela received a net benefit in the amount of *at least* approximately $235,000.00, which amount Tutela should pay to [p]laintiffs to restore the parties to their status quo prior to the closing of the Asset Purchase Agreement[,]" (Doc. 1 ¶ 30 (emphasis added)), which is consistent with both the amount requested in the sworn declaration and the motion. However, the Complaint also requests alternative relief consisting of damages, plus pre- and post-judgment interest, attorney fees, and taxable costs. (*Id.* at 8). Although final default judgment is proper, speculation by the Court is not. The Court thus directs Plaintiffs to clarify the amount of the final default judgment they seek.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion for Final Judgment after Entry of Default against Tutela IFSS Acquisition on Count I (Doc. 40) is **GRANTED**.

2. The Court will reserve entry of final default judgment until after receiving and reviewing plaintiffs' additional submission regarding the amount of net benefit or net consideration, which must be filed no later than **February 12, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of February 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record