UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INTEGRATED FIRE & SECURITY
SOLUTIONS, INC., JOHN W.
PETERSON, JR., JUSTIN N.
PETERSON and JESUS R. CARIAS, a
Florida corporation

    Plaintiffs,

v.                                    Case No: 2:17-cv-443-FtM-38MRM

TUTELA IFSS ACQUISTION LLC,
TUTELA SECURITY, LLC and
TUTELA HOLDINGS, INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

    This matter comes before the Court on Plaintiffs' Notice of Clarification (Doc. 43), which was filed on February 12, 2018. No responsive motions have been filed.

    The Court has already supplied the intricate details of this case in its Order on Final Default Judgement and will avoid rehashing them here. (Doc. 42). This matter stems from a business deal gone awry. The Count for which Plaintiffs seek final default judgment is for rescission of an asset purchase agreement Plaintiffs entered into with Defendant Tutela IFSS Acquisition LLC. (Doc. 1 at ¶¶ 26-32). In its previous Order, the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Court found rescission to be proper, but reserved on the entry of final default judgment because Plaintiffs were unclear about the amount of damages they sought. (Doc. 42 at 5).

This lack of clarity was the result of a split in the Complaint and evidence. On the one hand, the Complaint claims that Plaintiffs are entitled to $235,000.00 in net consideration from Tutela IFSS Acquisition LLC. (Doc. 1 at ¶ 30). On the other hand, it also seeks alternative relief consisting of damages, plus pre-judgment and post-judgment interest, attorney's fees, and taxable costs (Doc. 1 at 8), and Plaintiffs supplied a sworn declaration of John W. Peterson, JR. in support of their Motion for Final Default Judgment that shows Tutela IFSS Acquisition LLC owes Plaintiffs $315,016.95. (Doc. 41-1 at 5-6).

Now, Plaintiffs attempt to clarify their request for final default judgment by stating that they seek "only the return of the net benefit or net consideration in the amount of $235,000 that was alleged in the [C]omplaint," and no form of alternative relief, interests, attorney's fees or costs. (Doc. 43 at ¶ 1). But that statement is devoid of substantive support.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975),[2] Still, such allegations must have "a substantive, sufficient basis . . . for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters . .

---

[2] The Eleventh Circuit has adopted, as binding precedent, all Fifth Circuit decisions made prior to the close of business on Sept. 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

. . ."). Here, the Court will not speculate that Plaintiffs are entitled to damages of $235,000.00 without specific evidence to substantiate that allegation. Though Plaintiffs have supplied evidence they are owed in excess of that amount, the $235,000.00 figure is not reflected therein. Without some evidence to substantiate the basis for a specific award of $235,000.00, the Court will not enter final default judgment in that amount.

Accordingly, it is now

**ORDERED:**

1. The Court will reserve entry of final default judgment until after receiving and reviewing Plaintiffs' additional submission regarding the amount of net benefit or net consideration, which must be filed no later than **March 7, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of February, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record